## EDMONDSON et ux. v. BISHOP.
### No. 2478.

Court of Civil Appeals of Texas. El Paso.
Nov. 13, 1930.

Thomas & Coffee, of Big Spring, for appellants.

Morrison & Morrison, of Big Spring, for appellee.

WALTHALL, J.

Appellee, S. J. Bishop, brought this suit against appellants, Claude Edmondson and wife, S. B. Edmondson, to recover upon four promissory notes, alleged to have been executed by appellants and made payable to appellee, in the sum of $425 each, and to foreclose a chattel mortgage given by appellants to appellee on a building, furniture, and other contents in said building to secure the payment of said notes. The mortgage exhibited by appellee recites a cash consideration of $800 for the property mortgaged, paid by appellants to appellee and the execution of said notes. The cash consideration recited as having been paid was not in fact paid. Appellants admit the execution of said notes and mortgage, and the only defensive matter involved in this appeal is the following: Appellants allege that, "after said contract was executed and the notes were written and signed, and before the delivery thereof, plaintiff and defendant entered into an agreement to the following effect, to-wit: That the contract of sale (a bill of sale, the parties, by its terms, employing it also as a chattel mortgage) together with the notes, would be cancelled and held for naught, if within a reasonable time the plaintiff would be unable to obtain a loan upon the said property for the purpose of liquidating the said indebtedness of something like sixty percent of said indebtedness, the said defendant agreeing to cooperate in the obtaining a loan."

The above is confusing by putting the word "plaintiff" where "defendant" should have been, and "defendant" where "plaintiff" should have been, as the evidence shows, and the trial court found that "under agreement between plaintiff and defendants contemporaneously with the execution of the instrument of bill of sale and chattel mortgage * * * defendants were to pay the $800.00 cash consideration * * * with proceeds of a loan they were to procure from and which one D. C. Durham was to grant them, and about the first of April next thereafter."

The loan was not procured, and the $800 was not paid.

The case was tried to the court without a jury. The court made findings of fact which we need not state. The issue as to said parol agreement was not found by the court, nor requested to be found. The court rendered judgment for appellee, and appellants prosecute this appeal.

### Opinion.

Appellants submit three propositions:

■ 1. The "plaintiff having failed to allege either the execution of the contract by plaintiff or the delivery of the property by plaintiff to defendants, such petition is insufficient to sustain a judgment for plaintiff," submitted as fundamental error.

Without quoting the petition, it sufficiently alleges the execution of the notes, the chattel mortgage, and attaches and makes each a part of the petition. The chattel mortgage recites the sale and delivery to defendants of the properties described. Defendants also plead that the four notes and contract (chattel mortgage) were in fact executed, plead the provisions of the contract, and defend against the notes and contract by reason of an alleged contemporaneous parol agreement to the effect that a loan of money was to be

made with which the cash consideration mentioned in the contract was to be discharged, and that, said loan not having been effected, the transaction was to be null and void and of no effect.

■ The remaining propositions submit that the evidence shows that the alleged contemporaneous parol agreement as to the loan of money was made, that the loan was not effected, and that by reason thereof the sale of the said properties never became effective, and that Bishop's right to recover failed with such contract. Appellants insist that Bishop's evidence shows that such parol agreement was made.

Bishop testified: "There was no agreement spoken of that if he (Edmonson) could not get this loan (from Durham) the sale would not be made. I do not remember at any time agreeing with him (Edmonson) that if this cash consideration was not paid, or that if he could not get his loan that the sale would not be made."

The court heard the evidence, but made no finding on the alleged parol agreement, and none was requested. The evidence is sufficient to sustain the judgment.

The case is affirmed.